IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KELLY ALLEN FRANK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LARRY PASHA, JIM WILLIS, GAYLE LAMBERT, MIKE FERRITER and MIKE MAHONEY,<br><br>　　　　Defendants. | Cause No. CV 08-77-H-DWM-RKS<br><br>ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>(Defendants see D.Mont. L.R. 12.2) |

Currently pending is Plaintiff's Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment to the United States Constitution. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff has been given two opportunities to file amended complaints. In his Second Amended Complaint, Plaintiff names Larry Pasha, ranch supervisor; Jim Willis, crops supervisor; Gayle Lambert, MCE supervisor in charge of ranch operations; and Mike Ferriter, Director of the Department of Corrections.

Although named in the original Complaint, Plaintiff did not name Mike Mahoney in his Second Amended Complaint.

Plaintiff alleges he was deliberately exposed to hazardous pesticides, herbicides, poisonous chemical, and toxic fumes while working on the prison ranch between June 18, 2006 and June 8, 2007. He contends he complained to Defendants Pasha and Willis both verbally and in writing with reference to the defective equipment and his repeated and prolonged exposure to toxic and poisonous substances, but these Defendants failed to take corrective measures. He also contends that incident reports were submitted to Defendant Lambert making her fully aware of the dangerous work conditions, yet she too was blatantly indifferent to the extreme dangers threatening Plaintiff's health and safety. Liberally construed these facts are sufficient to state an Eighth Amendment claim and will be served upon these Defendants.

In his original Complaint, Plaintiff alleged he filed six grievances complaining of these problems between June 21, 2007 and July 31, 2007 all of which were answered by Defendants Ferriter and Mahoney but no relief was granted. The Court found in its initial prescreening Order that such allegations

were insufficient because the grievances were made after Plaintiff stopped working on the ranch.[1] Plaintiff admits in his Second Amended Complaint that the timing of Defendant Ferriter's involvement would have not been sufficient to prevent Plaintiff's injuries. As such, all allegations fail to state a claim against Defendants Ferriter and Mahoney.

## IV.   CONCLUSION

The Court has considered whether Plaintiff's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes dismissal of Plaintiff's claims against Defendants Pasha, Willis, and Lambert is not appropriate at this time. These Defendants must make an appearance on Plaintiff's claims.

---

[1] It appears Mr. Frank did not file any formal grievances during the year he worked on the prison ranch. The grievances were filed after his ranch employment ceased. Failure to exhaust administrative remedies is an affirmative defense, see Jones v. Bock, 549 U.S. 19, 212-217 (2007), not a jurisdictional requirement, see Rumbles v. Hill, 182 F.3d 1064, 1067-1068 (9th Cir. 1999) *overruled on other grounds by* Booth v. Churner, 532 U.S. 731 (2001). It remains to be seen what effect, if any, the timing of Mr. Frank's grievances will have on his claims. Mr. Frank seeks not to remedy the alleged unconstitutional conditions, but damages for his alleged injuries as a result of his exposure to the alleged unconstitutional conditions.

All claims against Defendants Mahoney and Ferriter will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants Pasha, Willis, and Lambert to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[2] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants Pasha, Willis, and Lambert choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has

---

[2] As Defendants Ferriter and Mahoney are recommended for dismissal they do not need to file a responsive pleading at this time.

made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

*      Plaintiff's Complaint (Document 2);

*      Court's June 24, 2009 Order (Document 8);

*      Plaintiff's First Amended Complaint (Document 9);

*      Court's July 29, 2009 Order (Document 10);

*      Plaintiff's Second Amended Complaint (Document 11);

*      this Order,

*      a Notice of Lawsuit & Request to Waive Service of Summons; and

*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendants Pasha, Willis, and Lambert in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants Pasha, Willis, and Lambert must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5. Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

### RECOMMENDATIONS

All claims against Defendants Ferriter and Mahoney should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of November, 2009.

                                                /s/ Keith Strong
                                                Keith Strong
                                                United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Legal Counsel for the
      Montana Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against the following individuals: Larry Pasha, Jim Willis, and Gayle Lambert. A copy the Second Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-077-H-DWM-RKS. The Court has completed its pre-screening and concludes Defendants Pasha, Willis, and Lambert must file a responsive pleading. *See* [42 U.S.C. § 1997e(c)](), (g)(2); [28 U.S.C. §§ 1915(e)(2)](), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  Frank v. Ferriter, et. al., Civil Action No. CV-08-077-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Second Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;
_____; _____;
_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following defendants:

_____; _____;
_____; _____;
_____; _____;

_____      _____
DATE                                               SIGNATURE

                                                      _____
                                                      PRINTED/TYPED NAME

                                                      _____
                                                      ADDRESS