

FILED

SEP 0 7 2010

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| KELLY ALLEN FRANK, | ) | CV 08-77-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY PASHA, JIM WILLIS, and | ) | |
| GAYLE LAMBERT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kelly Frank brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants recklessly disregarded his health and safety. Defendants moved to dismiss on the grounds that Frank failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (the "PLRA").

1

Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendations on July 13, 2010, recommending that Defendants' motion be granted. Frank timely objected to the Findings and Recommendations on July 29, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Frank's objections, I agree with Judge Strong's analysis and conclusions.

## I

Frank's § 1983 claims are based on conditions and chemicals he was exposed to through his job on a ranch operated by Montana Correctional Enterprises. Judge Strong noted that Frank's last day of work was June 8, 2007, at which time he escaped from prison. Frank had to file an informal grievance no later than June 13, 2007, but Judge Strong found that Frank did not file such a grievance until June 21, 2007, after he was apprehended. Judge Strong thus recommended Frank's complaint be dismissed on the grounds that he failed to exhaust administrative remedies as required under the PLRA.

## II

### a.

Frank's first objection is that he only failed to timely exhaust remedies

because of threats made against him by his ranch supervisor, Jim Willis. Frank originally raised this issue in response to Defendants' motion to dismiss. There, Frank, proceeding pro se, claimed he submitted an informal grievance on May 7, 2007, received no response, and then filed a formal prison grievance later that month. Pl.'s Resp. ¶ 3. He claimed his formal grievance was intercepted by Willis, who "tore it up, threw it on the ground," and threatened to terminate Frank's position with the ranch. Id. Frank stated "[t]hat event was witnessed, and if the court [would] indulge [him]," he would obtain affidavits to support his claims. Id. Since then, Frank has filed a sur-reply, but failed to attach any affidavits supporting his claim that he initiated a grievance in May 2007 only to be threatened by Willis. He then retained counsel who filed objections on his behalf. In support of those objections, counsel filed two affidavits. In one, Frank states he filed both informal and formal grievances during May 2007, the latter of which was intercepted and destroyed by Willis. Frank Aff. (dkt #40-1). In the other, Marjorie Cereck, Frank's sister, states that Frank had mailed her letters complaining of work conditions on the ranch, and that she "tried to mail a letter of grievance back to Kelly" but "the envelope was sent back to me opened with nothing inside." Cereck Aff. (dkt #40-1).

Defendants contest Frank's account of what happened in May 2007. Gayle

3

Lambert, administrator of the Montana Correctional Enterprises, states in affidavit

that she first learned of Frank's issues with working conditions on the ranch

through his June 21, 2007 informal grievance. Lambert Aff. (dkt #29-1). Next,

Billie Reich, a Grievance Classification Officer, averred that records show Frank

did not file a grievance prior to June 21, 2007. Reich Aff. (dkt #29-2). Finally,

Jim Willis states that he never intercepted a grievance filed by Frank, threaten him

for filing grievances, or tear a grievance up and throw it on the ground as Frank

asserts. Willis Aff. (dkt #32-1). Willis also states for Frank to have filed a formal

grievance in May 2007 he would have had to place it in a locked mailbox that

Willis did not have a key to open, making it not possible for him to "intercept" a

formal grievance. Id.

There is a factual dispute here: was Frank unable to timely exhaust remedies

due to intimidation and threats by Defendants. The Court can resolve disputed

issues of fact when deciding a motion to dismiss for failure to exhaust

administrative remedies. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.

2003).

Based on the record, the Court finds Frank did not file a grievance in May

2007 resulting in a threat that prevented him from timely exhausting prison

remedies. Frank has no proof other than his self-serving affidavits that he filed a

4

formal grievance prior to the last day of his job on the ranch. The affidavit he filed from his sister only provides that she received a letter of grievance from him. She does not provide a date for the letter, let alone state that it was a copy of a formal grievance filed by Frank in May 2007. Defendants, on the other hand, filed multiple affidavits with statements consistent with Frank not filing a grievance before his last day working at the ranch.

Frank claimed others witnessed Willis threaten him after intercepting his May 2007 grievance. In a prior pleading, Frank noted he would submit affidavits in support if given the chance. He had that chance. Frank retained counsel and has since filed multiple affidavits. Yet other than Frank's self-serving affidavits, nothing substantiates his claim that Willis threatened him.

Not only does Frank have no support for his claims, his own filings with the Court belie his argument that he filed a grievance prior to his escape from prison. Frank's complaint states that he filed grievances six times between June 21, 2007 and July 31, 2007 about work conditions at the ranch; there is no mention of a grievance also being filed in May of that year, or any related threatening response. Compl. 6. His amended complaints also fail to mention a May 2007 grievance. Frank only raised the issue of a missing May 2007 grievance after Defendants filed their motion to dismiss. Based on this record, the Court finds Frank failed to

5

timely exhaust administrative remedies despite his claim that he filed a grievance prior to escaping from prison.

### b.

Next, Frank objects that Defendants waived failure to exhaust prison remedies as an affirmative defense. Frank cites Jones v. Block, 549 U.S. 199 (2007), for the proposition that failure to exhaust administrative remedies is an "affirmative defense." Frank then notes that Defendants failed to deny his grievances as untimely. Thus, he contends the prison staff waived Defendants' affirmative defense. The objection, however, is based on a misconception of what is an affirmative defense and how a party waives it. An affirmative defense is one a party must raise in response to a pleading. Fed. R. Civ. P. 8(c)(1). Here, Defendants filed its motion to dismiss, predicated on its affirmative defense, in response to Frank's complaint. The objection is denied.[1]

### c.

Finally, Frank objects to Judge Strong's finding that "[his] belated grievances are submitted in bad faith and with his own hands unclean." Findings

---

[1]While Frank's waiver of affirmative defense objection fails, it is worth noting that some courts have found that a belated grievance satisfies the PLRA's timeliness hurdle if the prison responded to it on the merits. See, e.g., Jones v. Stewart, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). Neither the Ninth Circuit nor the Supreme Court has held so much, and as such I find no clear error in Judge Strong's finding that Frank failed to exhaust remedies despite the prison responding to his untimely grievances.

and Recommendations 12. Frank argues he did not act in bad faith because he
constantly raised concerns about working conditions at the ranch and filed a
grievance prior to escaping from prison. The Court has already found that he did
not file a grievance prior to his escape, so that part of his objection is not
considered. Frank's last day working on the ranch was June 8, 2007, at which
time he escaped from prison. He filed his grievances untimely because of his
escape. The fact that he complained about working conditions on the ranch prior
to escaping is not relevant to whether his untimely filing of grievances were made
with clean hands. I agree with Judge Strong's finding that Frank's untimely
filings were made with unclean hands.

I find no clear error in Judge Strong's remaining findings and
recommendations.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendations (dkt
#39) are adopted in full;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (dkt #24)
is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE. The
Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of

the Federal Rules of Civil Procedure.

Dated this _____ day of September, 2010.


_____
Donald W. Molloy, District Judge
United States District Court